IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01603-BNB

CHARLES CORPUS,

Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

Respondent.



ORDER OF DISMISSAL

Applicant Charles Corpus is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Corpus has filed a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on August 13, 2008, Magistrate Judge Craig B. Shaffer ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On September 2, 2008, Respondent filed a Preliminary Response. Mr. Corpus filed a Reply on October 1, 2008.

The Court must construe the Application and Reply liberally because Mr. Corpus is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application and Reply are held to standards less stringent than those governing a formal pleading drafted by attorneys. *See id.* However, the Court should not act as an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

In the Application, Mr. Corpus challenges the calculation of his federal sentence in this action. He contends that the BOP refuses to apply 474 days of detention credit against the forty-one month sentence he is serving. Respondent argues that this action should be dismissed because Mr. Corpus has failed to exhaust his administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Corpus. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director, and if he is not satisfied with the regional director's response he may file an

appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Mr. Corpus concedes in the Application that he did not exhaust his administrative remedies prior to filing the instant action. Mr. Corpus, however, argues that the exhaustion requirement should be excused because exhaustion of his administrative remedies would be futile. Mr. Corpus specifically contends, in the Application, that exhaustion would be futile because Respondent has determined that he is not entitled to the disputed detention credits and will not revisit that determination.

Mr. Corpus is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). He, however, fails to convince the Court that exhaustion of administrative remedies would be futile in this action. Mr. Corpus has not demonstrated that his administrative remedy requests were ignored or that an appeal to the regional director or the general counsel would be futile.

According to the BOP records submitted by Respondent in support of his Preliminary Response, Mr. Corpus filed his only administrative remedy request on August 27, 2008. (Preliminary Resp. (Pre. Resp.) at 6 and Attach. 3.) A response to Mr. Corpus's administrative remedy request was due to Mr. Corpus on September 16, 2008. In his Reply, Mr. Corpus argues that he has submitted numerous administrative remedy requests, but Respondent and his agents will not accept the requests he has submitted. (Reply at 2.) Applicant, therefore, concludes that because prison staff will not accept his requests he will never successfully complete the administrative remedy process. He further contends that the BOP has already made a final determination in

3

this matter, and the Sentence Computation Center in Grand Prairie, Texas, has refused to respond to Respondent. (Reply at 2-3.) Mr. Corpus claims he has suffered irreparable harm because he has lost the opportunity to participate in the substance abuse treatment program under 18 U.S.C. § 3621 and is subject to incarceration beyond his proper sentence. (Reply at 3.)

Mr. Corpus's claim that he is unable to complete the administrative remedy process is conclusory and vague. He fails to address Respondent's claim that a response was due to him on September 16, 2008. Mr. Corpus provides no evidence that he has not received the response from the warden or that any attempts to appeal the warden's response, if necessary, were not accepted by the regional director. He only asserts conclusory statements that he has filed numerous requests that are not accepted by prison staff.

Mr. Corpus's irreparable harm claim lacks merit. Mr. Corpus fails to assert how his denial of detention credits is related to his participation in a drug substance abuse program under 18 U.S.C. § 3621(b). Furthermore, Mr. Corpus was convicted and sentenced in June 2006 to a forty-one month sentence. (Pre. Resp. at 3.) He was committed to BOP custody on January 18, 2008, and was credited with fifty-five days. (Pre. Resp. at 3.) His projected release date is July 30, 2010, via good conduct release. (Pre. Resp. at 3.) Even if Mr. Corpus were given credit for the 474 days, to which he claims he is entitled, he would not be eligible for release until at the earliest in March 2009. Mr. Corpus fails to assert irreparable harm in his continued incarceration and his current inability to participate in a substance abuse treatment program.

4

The Court finds that Mr. Corpus fails to demonstrate that exhaustion of administrative remedies would be futile. Mr. Corpus may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 2 day of Oct, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01603-BNB

Charles Corpus
Reg. No. 34573-177
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/9/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk